Argued and submitted August 31, reversed and remanded November 23, 1988

GEORGES,
*Respondent,*

*v.*

SEVERSON et ux,
*Appellants.*

(CV7-0272-20; CA A47451)

764 P2d 586

Stephen P. Forte, Bend, argued the cause and filed the brief for appellants.

Richard C. Owens, Sisters, waived appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants appeal from a summary judgment for plaintiff in this action for money had and received. They contend that the affidavits and deposition excerpts which they filed created a material factual issue as to whether the sums which plaintiff claims to have advanced on their behalf with the expectation of repayment were intended instead as payments for services or, possibly, as gifts. There is no doubt that the affidavits and depositions raise that factual question. The issue appears to be whether defendants could avoid summary judgment through that evidence although they had earlier failed to respond to plaintiff's request for admissions concerning the nature of the transaction, and the inquiries were therefore deemed admitted. ORCP 45.

Generally, a party cannot avoid summary judgment by testimony which, without explanation, directly contradicts evidence which he submitted earlier and under which the moving party would be entitled to summary judgment. *Henderson-Rubio v. May Dept. Stores,* 53 Or App 575, 632 P2d 1289 (1981). Assuming without deciding that that rule applies when the earlier evidence takes the form of a failure to respond to a request for admissions, the admitted questions posed by the request here were not sufficient to entitle plaintiff to summary judgment. They state, in essence, that plaintiff "advanced in behalf of defendants" certain sums to third parties in connection with a real estate transaction, that plaintiff has demanded repayment and that defendants have refused. The admitted facts are not necessarily inconsistent with defendants' later testimony. They do not conclusively establish that the parties intended that the advances be repaid at the time they were made.

Reversed and remanded.